IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARET WRIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUNTRUST BANK, INC., et al. | : | NO. 13-5633 |

MEMORANDUM

McLaughlin, J. April 25, 2014

This action arises from investments made on behalf of the plaintiff, Jaret Wright, by defendant Todd LaRocca, an investment advisor employed by defendant CSI Capital Management, Inc. ("CSI"), which was later purchased by defendant SunTrust Bank. Defendants SunTrust Bank, SunTrust Investment Services, Inc., and SunTrust Mortgage, Inc. (collectively, "SunTrust")[1] have moved to dismiss the complaint for failure to state a claim against SunTrust, or in the alternative, for a more definite statement (Docket #6). The plaintiff opposes the motion to dismiss, but has also moved to compel arbitration, pursuant to the alternative dispute resolution clause of his 2010 Investment Management Agency Agreement with SunTrust (Docket #11). SunTrust has also moved for sanctions against the plaintiff for

[1] All claims against SunTrust Investment Services, Inc. and SunTrust Mortgage, Inc., have been withdrawn by stipulation, and these two defendants have been terminated as parties to this action (Docket #13). Defendants CSI Capital Management, Todd LaRocca, and Taylor & Faust have not entered an appearance in this action or filed any response to the complaint.

filing claims against SunTrust Investment Services, Inc., and SunTrust Mortgage, Inc., without investigating whether there was a factual basis for naming those entities as defendant, and for filing baseless claims against SunTrust Bank, because the plaintiff's investment accounts had an overall positive return during the relevant time period.

I. Background

In or around November 1998 the plaintiff entered into various agreements with Todd LaRocca, CSI, and defendant law firm Taylor & Faust, pursuant to which LaRocca was engaged as the plaintiff's investment advisor and money manager. The plaintiff alleges that, from the very beginning of his relationship with the defendants, he made clear that he wanted to pursue a very conservative investment strategy. Compl. ¶ 25. LaRocca allegedly agreed and assured the plaintiff that he would invest the money in low-risk, liquid assets. Id. Instead, LaRocca, who had "discretionary authority" over the investment portfolio, allegedly invested the plaintiff's money in illiquid real estate equity funds for which LaRocca received commissions and kick-backs, and in high-risk alternative investments, Ponzi schemes and private equity funds run by individuals with whom

LaRocca had personal relationships, and from whom LaRocca received various payments or benefits. Compl. ¶¶ 26-17, 31.

Throughout the complaint, the plaintiff alleges in general terms that LaRocca was under the supervision and control of CSI, SunTrust, and/or Taylor & Faust throughout the relevant time period of 1998 to 2013, and that those defendants were negligent in allowing LaRocca to invest the plaintiff's money in high-risk alternative investments; failed to properly supervise, control, or monitor LaRocca's activities; failed to follow industry standards in setting up and maintaining the plaintiff's investment portfolio, including failing to keep records or perform due diligence with regard to LaRocca's actions; failed to seek the plaintiff's informed consent to the investment transactions; materially misrepresented or failed to disclose the "self-dealing" or high-risk aspects of the investments LaRocca made; and purposefully concealed or inflated the actual value of plaintiff's investment portfolio.

In 2012, as part of a review of his investment accounts performed by a third party in connection with a different transaction, the plaintiff was apparently advised that some of his largest investments placed and managed by the

defendants were "essentially worthless." Compl. ¶ 35.[2] The plaintiff alleges that as a result of unsuitable high-risk and/or illiquid investments made by LaRocca during the relevant time period, he lost more than $7,500,000 in assets.

The plaintiff now brings claims against all the defendants for violations of Section 10(b) of the Securities Exchange Act and Securities and Exchange Commission Rule 10b-5 (Count I); for rescission under Section 29(b) of the Securities Exchange Act (Count III); for breach of fiduciary duty under state law (Count V); for fraudulent misrepresentation (Count VI); for willful breach of the covenant of good faith and fair dealing (Count VIII); for negligence (Count IX); for "failure to warn" (Count XII); for professional negligence or malpractice (Count XIV); and for an "alternative derivative claim" (Count XIII). Against SunTrust, CSI, and Taylor & Faust, the plaintiff brings a claim for violations of Section 20(a) of the Securities Exchange Act (Count II). Against SunTrust and CSI, he brings claims for "joint and several liability as LaRocca's principal" (Count IV), and for negligent supervision and training (Count

[2] By an anonymous letter dated August 17, 2012, the plaintiff's counsel was also alerted to the possibility of fraudulent acts by LaRocca in connection with certain funds that invested in real estate (Compl., Ex. G), but the complaint does not allege that Wright's money was invested in those particular funds.

X). Against SunTrust alone, the plaintiff brings a claim for negligent hiring and retention of LaRocca (Count XI).[3]

II. Analysis

A. SunTrust's Motion to Dismiss

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). In assessing a complaint, the Court must accept as true all factual allegations, and view those facts and draw any reasonable inferences therefrom in favor of the non-moving party. Revell v. Port Auth. of New York, 598 F.3d 128, 134 (3d Cir. 2010). The Court is not required, however, to accept as true a plaintiff's "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000) (citations and quotations omitted), or credit a plaintiff's "bald assertions" or "legal conclusions" unsupported by factual allegations. Morse v. Lower Merion Sch.

[3] The complaint does not contain any Count VII.

Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).[4]

SunTrust has moved to dismiss all claims on the grounds that the plaintiff has failed to plead facts demonstrating that any act or omission of SunTrust caused his alleged losses. SunTrust also argues that the plaintiff has failed to plead his common law fraud or federal securities fraud claims with the heightened level of pleading specificity required under the Private Litigation Reform Act ("PSLRA") or Federal Rule of Civil Procedure 9(b). Further, SunTrust points out that a number of the plaintiff's claims are either not cognizable as a matter of law, or are simply inapplicable to the facts of this case.

In his opposition brief, the plaintiff does not, in fact, challenge the bulk of SunTrust's dismissal arguments, and contends only that (1) the complaint articulates a claim against SunTrust under the Investment Advisory Act; and (2) the complaint properly asserts claims against SunTrust under Sections 10(b) and 20(a) of the Securities Exchange Act (Counts I and II).

[4] In rendering its decision on the motion to dismiss, the Court does not take into consideration any facts set forth in the parties' briefing on the motion for sanctions or the motion to compel arbitration.

Because the plaintiff has not contested SunTrust's dismissal arguments regarding Counts III through VI and VIII through XIV, those claims will be dismissed with prejudice as to SunTrust. Moreover, although the Investment Advisory Act is described in the allegations of the complaint at paragraphs forty-two to forty-six, the plaintiff did not bring a claim under the Act.

Despite the length of the complaint and the many claims asserted against all the defendants, the complaint contains very few specific factual allegations regarding the allegedly unsuitable investments made by LaRocca, much less any actionable conduct by SunTrust. The complaint does not identify by name any of the unsuitable, high risk, or fraudulent investments allegedly made by LaRocca. Nor does the complaint specify any dates on which, or even any year in which, these investments were made, after the initial investments in or around 1998. Other than generally describing and labeling investments as high risk, illiquid, and fraudulent, the complaint does not explain when or how the plaintiff's purported losses occurred with regard to any investment. The complaint does not state the amount of the plaintiff's initial investment in 1998, the value of his portfolio or individual investments at

the end of the relevant time period, or any other facts supporting his assertion that he lost more than $7,500,000 as a result of the defendants' actions.[5] To the extent the complaint does contain specific factual allegations, it describes primarily actions taken by LaRocca in or around 1998, but few specific actions by the other defendants.

The allegations against SunTrust -- which did not purchase the assets of CSI until November 2009, approximately eleven years after the plaintiff alleges LaRocca first made the unsuitable investments -- are limited and almost wholly conclusory. For example, the plaintiff repeatedly alleges that the "the defendants" misrepresented or failed to disclose information about the value of his portfolio or the risk associated with his investments, without distinguishing among the defendants or describing any specific statement or omission by SunTrust.

Furthermore, the plaintiff does not explain how any of SunTrust's own actions caused or "exacerbated" his alleged losses, Compl. ¶ 55, or how SunTrust is liable for losses on investments made long before that date. The plaintiff alleges

[5] The Court understands that the details of any given investment transaction might not be available to the plaintiff at this stage of the litigation, but some basic facts about the value of his investments during the relevant time period must have provided the basis for the plaintiff's estimated losses.

that SunTrust discovered or should have discovered multiple "red flags" concerning LaRocca and CSI during its pre-acquisition due diligence, but elected to proceed with the acquisition anyway, and failed to inform the plaintiff of these "red flags." Compl. ¶¶ 70-71. But the complaint does not identify any "red flag" that actually caused the plaintiff's investment losses. For example, the plaintiff alleges that LaRocca and CSI employed improper document retention systems, maintained inadequate documentation and paperwork, and failed to prepare and follow a written investment strategy for the plaintiff in 1998, but he does not explain how SunTrust's alleged discovery of these pre-acquisition record-keeping failings make SunTrust "jointly and severally" or "vicariously" liable for other defendants' pre-acquisition wrongdoing. To the extent that the plaintiff seeks to hold SunTrust liable for LaRocca's actions after 2009, based on his negligent hiring and retention claim, he has failed to identify any unsuitable investment transaction made after that date, or, in fact, on any date after the initial investments in or around 1998.

Even under the generous pleading standards of Federal Rule of Civil Procedure 8, the plaintiff has simply not pleaded any actionable wrongdoing by the SunTrust defendants themselves,

or explained how SunTrust is liable for alleged wrongdoing by other defendants that took place a decade before SunTrust entered the picture. Accordingly, Counts I and II are also dismissed.

B. Plaintiff's Motion to Compel Arbitration

The plaintiff opposes the motion to dismiss, but has also moved to compel arbitration with SunTrust, pursuant to the alternative dispute resolution clause of his 2010 Investment Management Agency Agreement with SunTrust. In his complaint, the plaintiff stated that his 2003 Financial Services agreement with CSI did not contain any arbitration clauses or jurisdictional requirements or limitations. Compl. ¶ 14. The plaintiff now asserts that, at the time he filed the complaint, he was unaware of the existence of a valid, enforceable arbitration clause in his 2010 Investment Management Agreement. On the record before the Court at this time, the Court cannot determine whether the plaintiff's claims against SunTrust are arbitrable. Moreover, because the Court has dismissed all claims against SunTrust, the motion to compel arbitration is moot.

C. SunTrust's Motion for Sanctions

SunTrust has moved for sanctions against the plaintiff for filing claims against SunTrust Investment Services, Inc., and SunTrust Mortgage, Inc. without investigating whether there was any factual basis for naming those entities as defendants, and, more generally, for filing factually and legally baseless claims against the SunTrust defendants. Specifically, SunTrust contends that the plaintiff's assertion that he lost more than $7,500,000 as a result of the defendants' actions is objectively baseless because, in fact, his total investment portfolio shows a positive return of approximately $1,900,000 during the relevant time period.

Because the plaintiff stipulated to dismissal of SunTrust Investment Services, Inc. and SunTrust Mortgage, Inc. before the motion for sanctions was filed (Docket #13) the motion is moot to the extent it relies on the first argument. As to SunTrust's second argument, the Court believes that such a motion is premature at this time.[6]

[6] The Court is nonetheless concerned by the disparity between the gains and losses claimed by the parties.

III. Conclusion

For the reasons explained above, the motion to dismiss the claims against SunTrust is granted. Counts III through VI and VIII through XIV are dismissed with prejudice as to SunTrust. Counts I and II are dismissed without prejudice, and the plaintiff shall have thirty days in which to file an amended complaint against SunTrust, if he so chooses. The plaintiff's motion to compel arbitration is denied as moot, and SunTrust's motion for sanctions is denied without prejudice.

An appropriate order shall issue separately.