IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JARET WRIGHT               :     CIVIL ACTION
                              :
          v.            :
                              :
SUNTRUST BANK, INC., et al.  :     NO. 13-5633

MEMORANDUM

McLaughlin, J.                         January 6, 2015

       This action arises from investments made on behalf of the plaintiff, Jaret Wright, by the defendant Todd LaRocca, an investment advisor employed by the defendant CSI Capital Management, Inc. ("CSI",) which was later purchased by the defendant SunTrust Bank, Inc. ("Suntrust Bank"). The plaintiff has filed a motion for reconsideration of the Court's Order of April 25, 2014, which dismissed the plaintiff's claims against SunTrust Bank and denied the plaintiff's motion to compel arbitration. The motion for reconsideration is denied.

I.   Background and Procedural History

       In or around November 1998, the plaintiff entered into various agreements with Todd LaRocca, CSI, and the defendant law firm Taylor & Faust, pursuant to which LaRocca was engaged as the plaintiff's investment advisor and money manager. The plaintiff and LaRocca, CSI, and Taylor & Faust operated under an "Agreement-Financial Services" dated November 1, 2003, which

does not contain an arbitration clause (the "2003 Agreement").
Compl. ¶ 14, Ex. F.  The plaintiff alleges that, from the very
beginning of his relationship with the defendants, he made clear
that he wanted to pursue a very conservative investment
strategy.  Compl. ¶ 25.  La Rocca allegedly agreed and assured
the plaintiff that he would invest the money in low-risk, liquid
assets.  Id.

        Instead, LaRocca, who had "discretionary authority"
over the investment portfolio, allegedly invested the
plaintiff's money in illiquid real estate equity funds for which
LaRocca received commissions and kick-backs, and in high-risk
alternative investments, Ponzi schemes, and private equity funds
run by individuals with whom LaRocca had personal relationships,
and from whom LaRocca received various payments or benefits.
Compl. ¶¶ 26-27, 31.  On November 9, 2009, the plaintiff was
informed that SunTrust Bank had purchased CSI, hired LaRocca,
and had therefore acquired the plaintiff's accounts.  Compl. ¶¶
11-12.

        Throughout the complaint, the plaintiff alleges in
general terms that LaRocca was under the supervision and control
of CSI, Suntrust Bank, and/or Taylor & Faust throughout the
relevant time period of 1998 to 2013, and that those defendants
were negligent in allowing LaRocca to invest the plaintiff's
money in high-risk alternative investments; failed to properly

supervise, control, or monitor LaRocca's activities; failed to follow industry standards in setting up and maintaining the plaintiff's investment portfolio, including failing to keep records or perform due diligence with regard to LaRocca's actions; failed to seek the plaintiff's informed consent to the investment transactions; materially misrepresented or failed to disclose the "self-dealing" or high risk aspects of the investments LaRocca made; and purposefully concealed or inflated the actual value of the plaintiff's investment portfolio.

On February 25, 2010, the plaintiff and SunTrust Bank signed an "Investment Management Agency Agreement for ClearSight©" (the "2010 Agreement"). Pl.'s Mot. for Recons. Ex. C. The 2010 Agreement contains an arbitration clause, which provides that

> [a]ny dispute arising regarding the Account
> or the terms of this Agreement shall be
> submitted to final and binding arbitration
> by an arbitration organization selected by
> Bank unless Client requests another
> arbitration organization acceptable to Bank,
> at a site reasonably convenient to the
> office of Bank from which the Account has
> been serviced. Client or Bank may initiate
> arbitration by serving or mailing written
> notice of such arbitration to the other.
> The arbitrator(s) shall have the additional
> right to rule on motions to dismiss and/or
> motions for summary judgment, applying the
> standards governing such motions under the
> Federal Rules of Civil Procedure. Any court
> with jurisdiction may enter judgment on the
> award of the arbitrator upon the motion of
> one party without notice to the other party.

Id. at Article III(D).

    In 2012, as part of a review of his investment
accounts performed by a third party in connection with a
different transaction, the plaintiff was apparently advised that
some of his largest investments placed and managed by the
defendants were "essentially worthless."  Compl. ¶ 35.[1]  The
plaintiff alleges that as a result of unsuitable high-risk
and/or illiquid investments made by LaRocca during the relevant
time period, he lost more than $7,500,000 in assets.

    The plaintiff filed a complaint alleging claims
against SunTrust Bank, SunTrust Investment Services, Inc.
("SunTrust Investment"), SunTrust Mortgage, Inc. ("SunTrust
Mortgage"), CSI, LaRocca, and Taylor & Faust.  The plaintiff
subsequently dismissed SunTrust Investment and SunTrust Mortgage
voluntarily.

    SunTrust Bank filed a motion to dismiss, and the
plaintiff filed a motion to compel arbitration.  The Court
dismissed Counts I and II of the complaint against SunTrust Bank
without prejudice, and dismissed Counts III through VI and VIII
through XIV with prejudice as to SunTrust Bank as the plaintiff

---

[1]    By an anonymous letter dated August 17, 2012, the
plaintiff's counsel was also alerted to the possibility of
fraudulent acts by LaRocca in connection with certain funds that
invested in real estate (Compl. Ex. G), but the complaint does
not allege that the plaintiff's money was invested in those
particular funds.

did not oppose their dismissal.[2]  Simultaneously, the Court
denied the motion to compel arbitration as moot.  The Court
subsequently dismissed all claims against CSI, LaRocca, and
Taylor & Faust without prejudice for failure to prosecute.


II.  Discussion

    A.   Motion for Reconsideration Standard

        The purpose of a motion for reconsideration is to
correct manifest errors of law or fact or to present newly
discovered evidence.  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d
Cir. 2010) (per curiam).  A motion for reconsideration is not a
proper vehicle for rearguing a position already presented to and
rejected by the court.  Id.; United States v. Jasin, 292
F.Supp.2d 670, 676 (E.D. Pa. 2003).  Accordingly, a motion for
reconsideration will be granted where a party demonstrates at
least one of the following grounds:  (1) an intervening change
in controlling law; (2) the availability of new evidence; or (3)
the need to correct a clear error of law or prevent manifest
injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

---

[2]     There is no Count VII in the complaint.

B.    <u>Reconsideration of the Motion to Compel</u>

The plaintiff argues that the Court erred when it granted the defendant's motion to dismiss and denied the motion to compel arbitration as moot because the Court "lacked jurisdiction" to decide the motion to dismiss.  Pl.'s Mot. for Recons. 7-9.  In a recent non-precedential opinion, a panel of the Third Circuit held that a district court erred when it denied a plaintiff's motion to compel arbitration as premature pending its decision on a defendant's motion to dismiss. <u>Edmondson v. Lilliston Ford, Inc.</u>, 2014 WL 6657065, at *1-3 (3d Cir. Nov. 25, 2014).  Although not binding, this decision suggests that district courts in this circuit should rule on motions to compel arbitration filed by a plaintiff before deciding a motion to dismiss filed by a defendant.

The Court, however, re-affirms its decision to deny the motion to compel arbitration – this time on the merits of the motion.  In deciding whether to compel arbitration, a district court must determine:  (1) whether a valid agreement to arbitrate exists; and (2) that the particular dispute falls within the scope of such agreement.  <u>Kirleis v. Dickie, McCamey & Chilcote, P.C.</u>, 560 F.3d 156, 160 (3d Cir. 2009).[3]  There is no

---

[3]    If it is apparent from the complaint that a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.  <u>Guidotti v. Legal Helpers</u>

dispute that a valid agreement to arbitrate is contained in the 2010 Agreement between the plaintiff and SunTrust Bank.

The plaintiff's claims, however, do not fall within the scope of the arbitration clause included in the 2010 Agreement.  The arbitration clause does not cover every dispute arising between the contract parties; rather, it only covers "dispute[s] arising regarding the Account or the terms of this Agreement."  Pl.'s Mot. for Recons. Ex. C at Article III(D).  The plaintiff makes no mention of the 2010 Agreement or any accounts covered by the 2010 Agreement in his complaint, nor does he make any specific allegations of improper investments entered into on his behalf after signing the 2010 Agreement.  Indeed, the plaintiff specifically states that his claims "arise under a certain 'financial services' agreement with Defendants dated November 1, 2003" – not the 2010 Agreement.  Pl.'s Mot. for Recons. 2.  The 2003 Agreement does not contain an arbitration clause.

---

Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013).  If, however, the complaint is unclear regarding the agreement to arbitrate, a motion to compel arbitration should be considered under a summary judgment standard after providing the parties the opportunity for limited discovery on the issue of arbitrability.  Id.

In this case, the Court applies the Rule 12(b)(6) standard because the arbitrability of the plaintiff's claims is clear from the face of the complaint.

The parties to the 2010 Agreement intended only that disputes which arose from the 2010 Agreement or the account described therein should be submitted to arbitration.  Because the plaintiff's claims do not concern the 2010 Agreement or the relevant account, his claims fall outside the scope of the arbitration provision contained in the 2010 Agreement.  The motion to compel arbitration was therefore properly denied.  See Bel-Ray Co., inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 440 (3d Cir. 1999) ("[A] court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute.").[4]

C.    Reconsideration of Dismissal with Prejudice

The plaintiff argues that the Court erred in dismissing Counts III through VI and Counts VIII through XIV with prejudice because the Court did not apply the six-factor

---

[4]    The plaintiff argues that this case is identical to Feeley, et al. v. SunTrust Bank, et al., 12-4522, ECF No. 23 (Feb. 19, 2013) and Terry v. SunTrust Bank, et al., 12-6341, ECF No. 6 (Feb. 19, 2013), in which the Court granted motions to compel arbitration filed by a defendant.  This case is distinguishable from those cases because the arbitration provision at issue in this case is narrower than those in Feeley or Terry.  For example, in Feeley, the arbitration provision provided that "any controversy between the Adviser and Client arising out of Adviser business or this agreement, shall be submitted to arbitration."  Feeley, ECF No. 23 at 4.  In Feeley, therefore, any dispute arising out of advisor business was subject to arbitration.  In this case, only disputes concerning the 2010 Agreement or the relevant account are subject to arbitration.

test articulated in <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), when it dismissed those counts with prejudice.[5]

The <u>Poulis</u> factors are not applicable in this case.  A court is to consider the six <u>Poulis</u> factors when deciding to dismiss a case with prejudice as a sanction.  <u>Id.</u> at 867-68.  The Court did not dismiss Counts III through VI and Counts VIII through XIV as to SunTrust Bank as a sanction against the plaintiff.  Rather, the Court granted SunTrust Bank's motion to dismiss those counts because it was unopposed – the plaintiff did not contest SunTrust Bank's motion as to Counts III through VI and Counts VIII through XIV.  Indeed, the Court denied SunTrust Bank's motion for sanctions in its April 25, 2014 Order.  The Court did not err when it did not consider the <u>Poulis</u> factors.

---

[5]   The plaintiff also argues that the Court erred in dismissing Counts I and II of the complaint because the Court "ignored the assignment of the prior client services agreement to SunTrust Bank."  Pl.'s Mot. for Recons. 10.  The Court has already considered and discussed the implications of SunTrust Bank's acquisition of CSI and LaRocca.  Mem. of the Ct. 7-9, April 25, 2014.  The plaintiff has not presented any new evidence or controlling law on this subject; the motion for reconsideration of the dismissal of Counts I and II of the complaint is therefore denied.

In the April 25, 2014 Order, the Court gave the plaintiff thirty days to file an amended complaint against SunTrust Bank as to Counts I and II.  The plaintiff has not done so, nor has he provided a proposed amended complaint in his motion for reconsideration.  Counts I and II are therefore dismissed with prejudice.

An appropriate order shall issue.